1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

MEGAN SMITH, on behalf of herself and
all others similarly situated,

                           Plaintiff,

           v.

AMAZON.COM, INC.,

                           Defendant.

Case No. 2:21-cv-00838

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

Class Action Complaint

1
2
# TABLE OF CONTENTS
3
INTRODUCTION ........................................................................................1

JURISDICTION AND VENUE ..................................................................3

PARTIES ....................................................................................................4

FACTUAL ALLEGATIONS ......................................................................4

    A. Amazon: Paradise Lost .......................................................................4

       i. Amazon's Predatory Pricing..........................................................5

      ii. Amazon's Unfair Conditions With Merchants.......................7

INTERSTATE TRADE AND COMMERCE ............................................9

RELEVANT MARKET ..............................................................................9

CLASS ACTION ALLEGATIONS ..........................................................10

ANTITRUST INJURY ..............................................................................13

CAUSES OF ACTION ..............................................................................13

PRAYER FOR RELIEF ............................................................................19

JURY TRIAL DEMAND ..........................................................................20
17
18
19
20
21
22
23
24
25
26
27
28

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

CLASS ACTION COMPLAINT - i

Plaintiff MEGAN SMITH, on behalf of herself and all others similarly situated ("Plaintiff"), by and through her undersigned attorneys, brings this Class Action Complaint (the "Action") against Defendant AMAZON.COM, INC. ("Amazon" or "Defendant") based upon personal knowledge as to herself and her own acts, and as to all other matters upon information, investigation, and belief of counsel.

## **INTRODUCTION**

1.      In 1890, on the floor of the United States Senate, while trying to pass the Sherman Antitrust Act, Senator Sherman of Ohio, stated that "overcharges by monopolists [are a form of] 'extortion which makes the people poor.'"[1] Amazon, a digital e-commerce marketplace founded by Jeff Bezos, is such a monopolistic entity, and its policy of overcharging consumers is woven into the fabric of Amazon's existence.

2.      Like Standard Oil and the robber-barons of old, "Amazon is the titan of twenty-first century commerce. In addition to being a retailer, it is now a marketing platform, a delivery and logistics network, a payment service, a credit lender, an auction house, a major book publisher, a producer of television and films, a fashion designer, a hardware manufacturer, and a leading host of cloud server space."[2]

3.      This Action focuses solely on Amazon's role as a digital retailer – an online distribution channel for its own goods, as well as goods offered by merchants who come to Amazon to sell their products not out of choice, but out of necessity. Amazon has monopoly power as an online distribution channel in the United States (the "Relevant Market"), with approximately 50% of all e-commerce sales occurring

---

[1] 21 CONG. REC. 2461 (1890) (statement of Sen. Sherman)*cited by* Khan, Lina, "Amazon's Antitrust Paradox," YALE LAW JOURNAL, Vol. 126, No. 3 (Jan. 2017) (hereinafter "*Khan*").

[2] *Id.*

**PHILLIPS LAW FIRM, PLLC**
17410 133ʳᵈ Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

CLASS ACTION COMPLAINT - 1

through Amazon's website, Amazon.com.[34] After the Novel Coronavirus-19 pandemic ("COVID-19") emerged, Amazon's monopolistic grasp over the Relevant Market grew – as Amazon's sales skyrocketed by 38% in 2020.[5]

4.      Amazon uses its pervasiveness over the Relevant Market to abuse consumers and merchants alike. Amazon does this by imposing "referral fees," which are essentially commissions, that Amazon charges its merchants to be able to sell goods on the Amazon.com platform. These merchants then include these commissions in their prices which are paid by Plaintiff and the Class directly to Amazon. In a normal competitive and functioning market, merchants would charge a lesser, more competitive price on Amazon than they would absent the "referral fees."

5.      Additionally, Amazon imposes a "price parity clause" (commonly known as a Most Favored Nations clause, or "MFN") on merchants through its "Amazon Services Business Solutions Agreement." Under threat of government action by the Federal Trade Commission, in 2019, Amazon purportedly withdrew its "price parity clause," only to be replaced with its "Fair Pricing Policy" (hereinafter "FPP"). The FPP currently exists and has the same effect as an MFN. The MFN forbids merchants from being able to sell their goods at cheaper prices on other e-commerce platforms within the Relevant Market. This, in effect, fixes,

---

[3] Ingrid Lunden, *Amazon's share of the US e-commerce market is now 49%, or 5% of all retail spend*, TECHCRUNCH (July 13, 2018) at https://techcrunch.com/2018/07/13/amazons-share-of-the-us-e-commerce-market-is-now-49-or-5-of-all-retail-spend/?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAH_RRrESwhO-iyIf_c0DM_1jT-E60-0WHIj05YQDiqJmN4GLi-q5bVJs3pbQAl7r5Ozph3wxGfPkoJfCamx8LcBBCvJvVjHEiGFZAt_2h2Lr_fRZNceqWPZiAr2TE8IC0vQEoIelXhZGJh2H7Sm3CIOVF879qU5GDsqyxinBbR6V.

[4] *Amazon and Walmart Are Nearly Tied in Full-Year Share of Retail Sales*, PYMNTS (Mar. 11, 2021) at https://www.pymnts.com/news/retail/2021/amazon-walmart-nearly-tied-in-full-year-share-of-retail-sales/.

[5] Amazon.com, Inc., Form 10-k Securities and Exchange Commission Annual Report, Fiscal Year Ended Dec. 31, 2020 (last visited June 15, 2021) (hereinafter, "Amazon 2020 10-k")

PHILLIPS LAW FIRM, PLLC
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

stabilizes, and/or increases the prices of goods sold on alternative e-commerce platforms. Amazon imposes significant fees for the use of its platform, including a subscription fee and referral fees on the sale of each product which inflate the price for goods sold by merchants on Amazon and are imposed on consumers on other platforms via the MFN.[6]

6.     Amazon is also a horizontal competitor to merchants, as it sells the very same goods that merchants sell on the Amazon.com platform. And, because the merchants' goods are overpriced due to the existence of the "referral fees," Amazon is able to undercut the merchants' prices with its own Amazon-label branded goods – vanquishing competition and eliminating consumer freedom to purchase the goods they seek in a normal functioning market free of anticompetitive conduct.

7.     By this Action, Plaintiff, on behalf of herself and other consumers, seeks monetary damages in the form of restitution and treble damages for injuries sustained by Amazon's unlawful conduct, as well as injunctive relief enjoining Amazon from continuing its anticompetitive conduct alleged herein.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over Plaintiff's federal antitrust claims pursuant to the Sherman Act and the Clayton Antitrust Act, 15 U.S.C. §§ 1, 2, 15(a); and 28 U.S.C. §§ 1331 and 1337.

9.     This Court has personal jurisdiction over the Defendant. Defendant is headquartered in this District. Defendant has engaged in sufficient minimum contacts with and has its principal place of business in the State of Washington.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal places of business in the State of Washington and in this District, because a substantial part of the events or omissions giving rise to

---

[6] Going forward, all references hereafter to the MFN includes the FPP and the price parity clause.

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

Plaintiff's claims occurred in this District. In the alternative, personal jurisdiction and venue also may be deemed proper under Section 12 of the Clayton Antitrust Act, 15 U.S.C. § 22, because the Defendant may be found in or transact business in this District.

## PARTIES

11.   **Plaintiff.** Megan Smith is an individual residing in Tennessee who made purchases on Amazon's digital e-commerce platform, Amazon.com, during the relevant time period. Plaintiff was and will continue to be economically harmed by the Defendant's anticompetitive conduct alleged herein.

12.   **Defendant.** Amazon.com, Inc. is an e-commerce channel and retail giant with its principal place of business located in the State of Washington. Amazon directly sells its own goods to consumers like Plaintiff. Amazon also allows merchants to sell products on its online retail sales platform and Amazon charges supracompetitive prices for the goods sold on the Amazon.com platform.

## FACTUAL ALLEGATIONS

### A. Amazon: Paradise Lost

13.   In 1994, Jeff Bezos conceptualized Amazon on a cross country road trip from Seattle to New York City. During his tenure as Chief Executive Officer, Amazon's growth over the last thirty years has been unimaginable, including that Amazon's digital marketplace has grown from exclusively offering books to selling an immense variety of goods. What began in Bezos' garage in 1994 quickly grew to a dominant digital marketplace offering goods in the following categories: electronics, computers, smart home devices, home/garden & tools, pet supplies, food & groceries, beauty & health products, toys/kids & baby products, handmade goods, sporting goods, outdoors goods, and automotive & industrial materials.[7]

---

[7] Amazon.com, Inc. at https://www.amazon.com/, (last visited June 15, 2021).

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

14. Because of Amazon's market power in the Relevant Market, the merchants of the aforementioned goods (in each of their respective categories) have no choice but to sell on the Amazon.com platform. This makes Amazon a monopsony.[8] A monopsony, "in economic theory, [is a] market situation where there is only one buyer …. Such a firm is able to pay lower wages than it would under competition."[9] This is exactly what Amazon does. In order to maintain its market power, Amazon pays "lower wages" in the form of smaller margins to merchants and offers merchants unfair terms of sale.

### i. Amazon's Predatory Pricing

15. Initially, Amazon exercised its monopsonistic power to the advantage of consumers.

16. Amazon expressed a "willingness to forego profits to establish dominance."[10] Amazon was able to accomplish this through systematic predatory pricing – anticompetitive conduct whereby the seller of the good foregoes profit in order to destroy competition in the Relevant Market.[11] This allowed Amazon to build scale, which means that it was able to build a loyal customer base. The customer base would eventually fall victim to a massive increase in Amazon's pricing as a result of the market power Amazon built through predatory pricing.

17. Jeff Bezos admitted to this strategy leading up to Amazon's bait-and-switch on consumers:

---

[8] Paul Krugman, *Amazon's Monopoly is Not O.K.*, NEW YORK TIMES (Oct. 20, 2014) at https://www.nytimes.com/2014/10/20/opinion/paul-krugman-amazons-monopsony-is-not-ok.html.

[9] "Monopsony" at https://www.britannica.com/topic/monopsony, (last visited June 15, 2021).

[10] *Khan*; citing Benedict Evans, *Amazon's Profits* (Aug. 8, 2013) at http://ben-evans.com/benedictevans/2013/8/8/amazons-profits.

[11] *Khan.*

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

We believe that a fundamental measure of our success will be the shareholder value we create over the long term. This value will be a direct result of our ability to extend and solidify our current market leadership position . . . . We first measure ourselves in terms of the metrics most indicative of our market leadership: customer and revenue growth, the degree to which our customers continue to purchase from us on a repeat basis, and the strength of our brand. We have invested and will continue to invest aggressively to expand and leverage our customer base, brand, and infrastructure as we move to establish an enduring franchise.[12]

18.     This is further evidenced by Amazon's increase in profitability while it made the switch from predatory pricing to supracompetitive prices.

[13]



19.     Many questioned Amazon's approach initially. But the approach Amazon was taking was actually time-tested; in fact, this was the exact same strategy taken by John D. Rockefeller with respect to the Standard Oil monopsony.[14]

---

[12] Letter to Shareholders, AMAZON.COM, INC. at http://media.corporate-ir.net/media_files/irol/97/97664/reports/Shareholderletter97.pdf, (last visited June 15, 2021).

[13] *Khan;* citing *Amazon's Profits* at http://ben-evans.com/benedictevans/2013/8/8/amazons-profits, (last visited June 15, 2021).

[14] *Khan;* citing Ida Tarbell, *A History of the Standard Oil Company* (1905).

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

20.    In sum, "Amazon has achieved its position through deeply cutting prices and investing heavily in growing its operations — both at the expense of profits. The fact that Amazon has been willing to forego profits for growth undercuts a central premise of contemporary predatory pricing doctrine, which assumes that predation is irrational precisely because firms prioritize profits over growth. In this way, Amazon's strategy has enabled it to use predatory pricing tactics without triggering the scrutiny of predatory pricing laws."[15]

### ii.    Amazon's Unfair Conditions With Merchants

21.    Amazon also uses its market power to impose unfair conditions on merchants who sell their goods on the Amazon.com platform.

22.    These two conditions are: (1) the MFN that prevents merchants from being able to sell their goods on alternative digital e-commerce channels with terms and prices that are more favorable than those offered on Amazon, which harms consumers by fixing, stabilizing, or increasing the price of those same merchants' goods on all platforms including Amazon; and (2) the imposition of high "referral fees." Amazon imposes these unfair terms through Amazon's Services Business Solutions Agreement as well as other policies that are imposed through that agreement.[16]

23.    Consider the following illustration of how these two terms work in tandem to harm merchants and consumers.

24.    These two provisions – the "referral fee" provision and the price parity provision (the MFN) – harm competition and consumers alike.

---

[15] *Khan.*

[16] Declaration of Ella Irwin, Director of Marketplace Abuse at Amazon (Jul. 13, 2018), *Kangaroo Mfg., Inc. v. Amazon.com*, No. 17-cv-1806SPL (D. Ariz.), Dkt. No. 75, at ¶ 4.

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

25.    If a merchant opts not to play by Amazon's rules the penalty for not cooperating with Amazon's monopolistic scheme is dire and swift.

26.    First, Amazon's merchants can lose the "buy box" features – which, on Amazon's online marketplace, are the bright "Buy Now" and "Add to Cart" buttons that highlight products favored by Amazon's search algorithm.[17] The "buy box" features are an essential tool for merchants trying to sell their goods on Amazon.com: between 82% to 90% of all sales (or $100 billion worth of goods annually) on Amazon are the products that feature the "buy box."[18] The necessity of "winning the buy box" has become so pervasive that it has become its own cottage industry. An example of the "buy box" is illustrated below:[19]



27.    Second, Amazon's merchants could also have their shipping options suspended – which, in turn, would cost the merchants in sales volume.

[17] Grant Hindsley, *Prime Power: How Amazon Squeezes the Businesses Behind Its Store*, NEW YORK TIMES (Dec. 12, 2019) at https://www.nytimes.com/2019/12/19/technology/amazon-sellers.html.

[18] Aleksandra Tadrzak, *How to Win the Amazon Buy Box and Make More Sales*, DATAFEED WATCH https://www.datafeedwatch.com/blog/amazon-buy-box, (last visited June 18, 2021).

[19] *Id.*

PHILLIPS LAW FIRM, PLLC
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

28.     And third, Amazon's merchants could be outright terminated or suspended from selling on Amazon's Amazon.com platform – shutting off access to over 50% of all e-commerce sales in the Relevant Market. This is a phenomenon observed by the United States Congress' House of Representatives Subcommittee on Antitrust: that Amazon's "market power is at its height in its dealings with [merchants]."[20]

29.     Collectively, Amazon's conduct harms consumers and throttles competition.

## INTERSTATE TRADE AND COMMERCE

30.     Amazon's activities as alleged in this complaint were within the flow of, and substantially affected, interstate commerce. Amazon sells goods on its own behalf and as a platform for its merchants across, and without regard to, state lines.

## RELEVANT MARKETS

31.     Amazon has monopoly power in the market for online retail platforms in the United States and uses this power to restrain prices, resulting in injuries to consumers. Amazon also has monopoly power because it is able to dictate the price of commodities for sale in the Relevant Market by way of its MFN.

32.     Alternatively, Amazon has monopoly power in the following submarkets: (1) home improvement tools; (2) men's athletic shoes; (3) skin care; (4) batteries; (5) golf; (6) cleaning supplies; and (7) kitchen and dining products.

33.     Amazon's restraints on competition directly impact each of the markets stated above. Amazon harms consumers by imposing a price floor condition on its merchants that results in supracompetitive prices for goods sold on other online retail sales platforms. While harming consumers and competition, Amazon itself benefits

---

[20] Investigation of Competition in Digital Markets, Majority Staff Report and Recommendations, SUBCOMMITTEE ON ANTITRUST, COMMERCIAL, AND ADMINISTRATIVE LAW OF THE COMMITTEE ON THE JUDICIARY (Oct. 6, 2020), at 15 (hereinafter, "House Report").

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

from its pricing policies. By avoiding head-to-head competition from lower priced products on competing online retail sales platforms, Amazon is able to charge supracompetitive prices. Amazon's price restraints also allow Amazon to inflate the prices it can charge for products Amazon itself sells on its platform.

34.     Plaintiff seeks relief on behalf of herself and other purchasers of products on Amazon's platform.

35.     Eliminating Amazon's anticompetitive pricing policies would not lead to any discernible negative effects on either merchants or consumers.

36.     Amazon can point to no legitimate considerations that countervail the propriety of the monetary and injunctive relief that Plaintiff seeks.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action on behalf of herself, and as a class action under the Federal Rules of Civil Procedure, Rule 23(a), (b)(2) and (b)(3), seeking damages and injunctive relief pursuant to the statutes of the states listed below on behalf of the members of the following Class:

All persons who on or after May 26, 2017, purchased one or more products through Amazon's platform.

38.     Excluded from the Class are the Defendant and its officers, directors, management, employees, subsidiaries, or affiliates. Also excluded from the Class are the district judge or magistrate judge to whom this case is assigned, as well as those judges' immediate family members, judicial officers and their personnel, and all governmental entities. Further excluded from the Class are individuals who are already pursuing antitrust claims based on Amazon's MFN clause on their individual behalf in arbitration before the American Arbitration Association.

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

39.    The identity of all Class members are readily identifiable from information and records maintained by Defendant.

40.    **Numerosity.** Plaintiff believes that there are more than 100 million members of the Class, geographically dispersed throughout the United States, such that joinder of all Class members is impracticable.

41.    **Typicality.** Plaintiff's claims are typical of the claims of the other Class members. The factual and legal bases of Defendant's liability are the same and resulted in injury to the Plaintiff and all other members of the proposed Class.

42.    **Adequate representation.** Plaintiff will represent and protect the interests of the proposed Class both fairly and adequately. She has retained counsel competent and experienced in complex class-action litigation. Plaintiff has no interests that are antagonistic to those of the proposed Class, and her interests do not conflict with the interests of the proposed Class members she seeks to represent.

43.    **Commonality.** Questions of law and fact common to the members of the Class predominate over questions that may affect only individual Class members because Defendant has acted on grounds generally applicable to the Class and because Class members share a common injury. Thus, determining damages with respect to the Class as a whole is appropriate. The common applicability of the relevant facts to claims of Plaintiff and the proposed Class are inherent in Defendant's wrongful conduct, because the overcharge injuries incurred by Plaintiff and each member of the proposed Class arose from the same anticompetitive conduct alleged herein.

44.    There are common questions of law and fact specific to the Class that predominate over any questions affecting individual members, including:

a) Whether Defendant and its merchants unlawfully contracted, combined, or conspired to unreasonably restrain trade in violation

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

of Section 1 of the Sherman Act by agreeing under Amazon's MFN clause that merchants would not sell their products to buyers through competing online retail sales platforms at a price lower than what they offered on Amazon's platform;

b) Whether Defendant and its merchants unlawfully contracted, combined, or conspired to unreasonably restrain trade in violation of Section 1 of the Sherman Act by agreeing that merchants would be penalized under Amazon's current MFN if they offered their products to buyers through competing online retail sales platforms at a lower price than what they offered on Amazon's platform;

c) Whether Defendant has unlawfully monopolized, or attempted to monopolize, the U.S. online retail sales market, including by way of the contractual terms, policies, practices, mandates, and restraints described herein;

d) Whether consumers and Class members have been damaged by Defendant's conduct;

e) The amount of any damages; and

f) The nature and scope of injunctive relief necessary to restore a competitive market.

45.   **Injunctive relief.** By way of its conduct described in this Action, Defendant has acted on grounds that apply generally to the proposed Class. Accordingly, final injunctive relief is appropriate respecting the Class as a whole.

46.   **Predominance and Superiority.** This proposed class action is appropriate for certification. Class proceedings on behalf of the Class members are superior to all other available methods for the fair and efficient adjudication of this controversy, given that joinder of all members is impracticable. Resolution of the

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

Class members' claims through the class action device will present fewer management difficulties, and it will provide the benefit of a single adjudication, economies of scale, and comprehensive supervision by this Court.

## ANTITRUST INJURY

47.    During the Class Period, Plaintiff and Class members directly purchased products on Amazon's platform. Because of Defendant's anticompetitive conduct, Plaintiff and Class members were forced to pay more for those products than they would have if Amazon had permitted its merchants to engage in price competition outside Amazon's platform. Defendant, therefore, has caused Plaintiff and Class members to suffer overcharge damages. Because Defendant continues to enforce its anticompetitive MFN policy, Plaintiff and Class members are reasonably likely to incur future overcharges when they purchase products on Amazon's platform.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### *PER SE* VIOLATION OF THE SHERMAN ACT

### 15 U.S.C. § 1

48.    Plaintiff repeats and realleges every allegation above as if set forth herein in full.

49.    Defendant's merchants are Defendant's direct competitors in the online retail sales market in the United States. As a participant in the online retail sales market, Defendant directly offers for sale a broad range of goods on Amazon's platform. Products sold by merchants on Amazon's platform compete with one or more of Amazon's own products that it also sells on its platform.

50.    Many products sold by merchants are therefore reasonably interchangeable with products sold directly by Defendant on Amazon's platform,

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

such that there is cross-elasticity of demand between Defendant's products and the products of merchants.

51.    Because Defendant has engaged in horizontal price-fixing, which is a *per se* violation of the Sherman Act, no relevant market needs to be defined to establish liability under the Sherman Act. To the extent a market definition is required, the Relevant Market is the online retail sales market in the United States.

52.    In violation of Section 1 of the Sherman Antitrust Act, Defendant entered into a horizontal agreement with its two million merchants on Amazon Marketplace concerning the price at which they were allowed to sell their products in the United States. Specifically, Defendant and its contractual partners unlawfully agreed under Amazon's former MFN clause that merchants will not offer their products to their customers in the U.S. online retail sales market at a price lower than the price they offer them on Amazon's platform. And under Amazon's current MFN, Amazon and its contractual partners unlawfully agree that any merchants who offer their products to customers at a price lower than the price they offer on Amazon's platform will be subject to severe penalties, including rendering the merchants' products ineligible for Amazon's buy box and/or suspending or terminating the merchants' accounts with Amazon.

53.    These unlawful agreements have unreasonably restrained price competition among retailers for online sales of consumer goods and had the effect of establishing a floor price for sales of products offered on Amazon's platform. This combination is *per se* unlawful price-fixing.

54.    Plaintiff and Class members have been injured and will continue to be injured in their businesses and property by paying more for consumer products than they would have paid or would pay in the future in the absence of Defendant's unlawful acts.

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

55.     Plaintiff and Class members are direct purchasers because they directly purchase products on Amazon's platform, and directly pay Amazon the products' purchase prices and referral fees.

56.     Plaintiff and the Class are entitled to an injunction that terminates the ongoing violations alleged in this Complaint.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE SHERMAN ACT**

**15 U.S.C. § 1**

**(ALTERNATIVE TO *PER SE*)**

57.     Plaintiff repeats and realleges every allegation above as if set forth herein in full.

58.     This Count is brought in the alternative if the agreement between Amazon the merchants, is determined to be a vertical price restraint and the conduct at issue is not a *per se* violation.

59.     Plaintiff brings this federal law claim on her own behalf and on behalf of each member of the proposed nationwide Class described above.

60.     Defendant's MFN policy has an open and obvious adverse effect on competition. It raises prices and acts as a barrier to market entry for new competitors and hinders the expansion of existing competitors in the market. This is because the major competitive parameter – the fees for platform services – is neutralized by the MFN policy, since more favorable fees cannot be translated into more favorable prices for final customers. This raises market prices and prevents competitors from establishing a greater reach.

61.     Amazon's MFN has actual detrimental effects. It causes prices to be higher in each of the markets alleged above than they would have been in the absence of Amazon's restraints. These anticompetitive agreements further exclude the entry

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

and growth of competitor platforms in the online retail market and decrease innovation and consumer choice in the Relevant Market.

62.   A straightforward application of fundamental economic principles shows that the arrangements in question would have an anticompetitive effect on customers and the Relevant Market.

63.   Defendant and the merchants did not act unilaterally or independently, or in their own economic interests, when entering into the agreements. The agreements, and their enforcement substantially, unreasonably, and unduly restrain trade in the Relevant Market, which resulted in harm to Plaintiff and the Class.

64.   Defendant is liable for the creation, maintenance, and enforcement of the agreements under a "quick look" or rule of reason standard.

65.   Defendant possesses market power. That Amazon has market power is evident from the power it has to raise prices above those that would be charged in a competitive market.

66.   Amazon's relationship with its merchants is further evidence of its market power. It has the power to dictate and arbitrarily change the rules by which its merchants have access to the Amazon.com platform and bends the rules to give itself the advantage in the buy box and in sponsored advertising. Amazon charges exorbitant fees that give it a competitive advantage over its merchants. Additionally, Amazon uses merchants' supplier information to contract directly with the suppliers and their customer information to decide what areas to focus its retail or product developments.

67.   There is no legitimate, pro-competitive business justification for Amazon's MFN or any justification that outweighs their harmful effect.

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

68.     Plaintiff and members of the Class were injured in their business or property by paying higher prices for products purchased on the Amazon platform than they would have paid in the absence of Defendant's unlawful conduct.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE SHERMAN ACT

### 15 U.S.C. § 2

### (MONOPOLIZATION)

69.     Plaintiff repeats and realleges every allegation above as if set forth herein in full.

70.     The Relevant Market is the online retail sales market in the United States.

71.     Defendant obtained monopoly power in the online retail sales market in the United States, as demonstrated by its power to set the prevailing prices of virtually every good offered for sale in in that market.

72.     Amazon has gained and maintains monopoly power in the applicable market by improper and unlawful means.

73.     Defendant has willfully acquired its monopoly power in the applicable market in part through its enforcement of its MFN clause. These provisions establish a price floor based on the merchants' price listing on Amazon's platform. By requiring its two million merchants to apply a price floor on all other online retail sales platforms, Defendant largely immunizes these products from competitive pricing in the Relevant Market and causes the products on Amazon's platform to be sold at supracompetitive prices.

74.     Plaintiff and Class members are direct purchasers because they directly purchase products on Amazon's platform and directly pay Amazon's referral fees.

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

CLASS ACTION COMPLAINT - 17

75.     Plaintiff and the Class members have been injured and will continue to be injured in their businesses and property by paying more for products on Amazon's platform than they would have paid or would pay in the future in the absence of Defendant's unlawful acts.

76.     Plaintiff and the Class are entitled to an injunction that terminates the ongoing violations alleged in this Complaint.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE SHERMAN ACT**

**15 U.S.C. § 2**

**(ATTEMPTED MONOPOLIZATION)**

77.     Plaintiff repeats and realleges every allegation above as if set forth herein in full.

78.     If Defendant does not already have a monopoly in the online retail sales market in the United States it has attempted to monopolize this market.

79.     Amazon's MFN clause demonstrate Amazon's intent to control online prices of virtually every consumer good offered in the Relevant Market.

80.     Through its enforcement of its MFN clause, Defendant has furthered its goal of controlling prices of virtually every consumer good offered in the applicable markets.

81.     There is a dangerous probability that Defendant will succeed in monopolizing the applicable markets. Defendant, inclusive of its merchants, already accounts for 50% of the online retail sales market in the United States.

82.     Plaintiff and Class members have been injured and will continue to be injured in their businesses and property by paying more for products on Amazon's platform than they would have paid or would pay in the future in the absence of Defendant's unlawful acts.

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

83.    Plaintiff and Class members are direct purchasers because they directly purchase products on Amazon's platform and directly pay Amazon's referral fees.

84.    Plaintiff and the Class are entitled to an injunction that terminates the ongoing violations alleged in this Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. The Court determine that this action may be maintained as a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiff as Class Representative and her counsel of record as Class Counsel, and direct that notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to the Class, once certified;

B. Adjudication that the acts alleged herein constitute unlawful restraints of trade in violation of the Sherman Act, 15 U.S.C. § 1;

C. Adjudication that the acts alleged herein constitute monopolization and/or attempted monopolization in violation of the Sherman Act, 15 U.S.C. § 2;

D. Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

E. Pre-judgment and post-judgment interest on such monetary relief;

F. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the anticompetitive conduct alleged herein;

G. Equitable relief requiring that Amazon cease the abusive, unlawful, and anticompetitive practices described herein; and,

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

H. The costs of bringing this suit, including reasonable attorneys' fees; and, all other relief to which Plaintiff and members of the Class may be entitled at law or in equity.

## JURY TRIAL DEMAND

85.     Plaintiff hereby demands a trial by jury of all the claims asserted in this Complaint.

DATED: June 23, 2021                           Respectfully submitted,

**PHILLIPS LAW FIRM, PLLC**

*/s/ R. Glenn Phillips*
R. Glenn Phillips
17410 133rd Ave. N.E., Suite #301
Woodinville, Washington 98072-3200
Tel.:          425-482-1111
Email:       glenn@justiceforyou.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Peggy J. Wedgworth*
Elizabeth McKenna*
Robert A. Wallner*
Blake Hunter Yagman*
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel.:          212-594-5300
Email:       pwedgworth@milberg.com
                   emckenna@milberg.com
                   rwallner@milberg.com
                   byagman@milberg.com
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff and the Proposed Class*

**PHILLIPS LAW FIRM, PLLC**
17410 133rd Ave. N.E., Suite 301
Woodinville, Washington 98072
TEL. 425.482.1111.

CLASS ACTION COMPLAINT - 20